**Lucrecia Blanc RAMOS–CHAMANA DE ZEVALLOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76534.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Carol A. Dvorkin, Esq., Law Office of Carol A. Dvorkin, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Francis W. Fraser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Lucrecia Blanc Ramos–Chamana de Zevallos ("Zevallos"), a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her second motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

Zevallos filed her second motion to reopen in November 2004, nearly five years after the removal order became final. Her motion to reopen contends, without elaboration, that "[c]hanged country conditions in Peru constitute new facts and cause [petitioner] to seek asylum on a ground that did not exist at the time of [her] prior hearing." Yet nothing in the country reports and additional documents submitted by Zevallos indicates a material change in the treatment of persons who disagree with the political views of the Shining Path. Accordingly, we conclude the BIA acted within its discretion in finding that Zevallos failed to establish changed circumstances in Peru, and thus that Zevallos' second motion to reopen did not fall within the time and numerical limits exception of 8 C.F.R. § 1003.2(c)(3)(ii). *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (holding that the BIA does not abuse its discretion unless it acts arbitrarily, irrationally, or contrary to law); *cf. Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir.2004) (holding "the critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Zevallos' contention that the BIA failed to consider the evidence she presented is unavailing. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (holding that absent evidence to the contrary, the BIA is presumed to have considered all the evidence).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

